May it please the Court, Timothy Garrison, Federal Defendant of San Diego, for the appellant Gustavo Araujo-Rios. Your Honors, the issues in this case are simple and straightforward. The judgment of the District Court should be reversed and remanded for two reasons. The first reason is that these proceedings were flawed because the record does not show that there was a knowing, intelligent and voluntary waiver of the rights Mr. Araujo-Rios enjoyed under Federal Rule of Criminal Procedure 32.1. And what rights are you talking about? Well, namely, I'm addressing the rights that he was not afforded, which would be the right to put the government to a burden of proof. That would be at a preponderance of the evidence standard, the right to present evidence and witnesses to cross-examine any witnesses the government put forward. But his lawyer said, we admit. His lawyer did say that, Your Honor. However, there was no finding by the District Court that there was any kind of a knowing, intelligent or voluntary waiver of those rights. The Federal Rules of Criminal Procedure do allow for a waiver of the 32.1 rights. However, there needs to be a finding on the record so that reviewing courts and … A finding of waiver? Yes, a finding that the waiver is knowing, intelligent and voluntary. It seems to me that the cases you're relying on are ones where either there was no hearing or there was no counsel. And the question is, well, was there a waiver of that? But here, there is a hearing. He had written notice, and he had counsel there. And I think we're probably – I'm asking the same question in a different way. Of what was he really deprived? You know, the hearing is there, and he's got it. Well, in order for a reviewing court and even for the public in general to have confidence in the proceedings, and this kind of goes – this is the same type of argument that's made with regards to the procedural reasonableness of the sentence. In order for everyone to have confidence in these proceedings, if there is going to be a waiver, the judge, the district judge at a minimum, needs to make a finding that that waiver is knowing, intelligent and voluntary. That way, a reviewing court can be assured that a person's not waiving their rights or that the waiver complies with the Johnson v. Zurb standard, that it's a knowing relinquishment of a known right. And so given that situation, at a minimum, the judge should make a finding. And I filed a 28-J letter last week. I believe that the courts probably read it. And one of the cases that was addressed in that letter was the Seventh Circuit case of United States v. LeBlanc. I include that because LeBlanc is interesting for two reasons. Number one, LeBlanc, in that case, the Seventh Circuit actually cited Stokes, the authority that the appellant is relying on here, for the proposition that, yes, waiver of 32.1 rights does need to be knowing, intelligent and voluntary. But hasn't the circuit previously held that the same recitation of rights that you would normally go through in a change of plea hearing, for example, does not have to be stated in a revocation proceeding? Yes. The full panoply of Boykin and Federal Rule of Criminal Procedure 11, the full panoply of rights, our circuit has held that there need be no ritualistic, you know, kind of colloquy between the court and the supervisory leasee. However, and I'm not advocating for that. I'm not advocating for that type of a situation. But I think that, at a minimum, there needs to be a finding,  And, you know, that can differ from district judge to district judge, depending upon what they feel they need to satisfy themselves. But there should be a finding on the record. That's the point. I'd be a little more worried in this case about substantial justice having been done or not been done, if the underlying proof were more uncertain. I mean, you're asking that the government be forced to prove a prior conviction. Or would you be asking to prove, ask the government to be proving anything more than that? Well, the conduct that formed the basis of the supervisory lease violation was the same conduct that under, that was underlying the conviction. And the government has asked the court to take judicial notice, I understand, from its brief. And in this whole situation here, what they would have done, that's simply not relevant at this point. Who knows what they would have done? They can speculate and say, well, we would have done this or we would have done that. However, there's defenses in a supervisory lease proceeding that don't go to the actual underlying conviction facts. For example, procedurally, if there's a lack of notice on the supervisory lease hearing, then that can be a defense to any kind of revocation. So just because they secured an underlying conviction in a case and they want to use those documents to prove up their case, that doesn't, that's not the end of the inquiry. There could still be other defenses that would be presented by the appellant. Such as? Well, like I said, one is a lack of notice. There was written notice in this case, wasn't there? Well, there was written notice of the violation proceeding as required by 32.1. So what I'm saying, Your Honors, is that right now in the- But I'm not sure you and I are quite on the same page. Defenses to the conduct? Or, because you let a lack of notice, that sounds like it's a defense of, well, procedurally things haven't worked out right here. But I'm asking about defenses as to the conduct that provides the foundation for the revocation. I can foresee two things. First of all, let me just say right off the bat, when I'm talking about lack of notice, I'm talking about lack of notice of the supervisory lease conditions at the original sentencing. That would give rise to a subsequent defense on lack of notice. But what Your Honors is addressing is a situation where, okay, we have an underlying set of facts that form not only a new offense, but a basis for revocation. I can foresee one situation wherein a person might be convicted on the underlying case, however, still maintain that they did not violate their supervised release. For example, take an individual who has an affirmative defense. In the underlying case, they give up their right to present that affirmative defense and enter a guilty plea. And they waive it during their guilty plea. They waive any affirmative defense they may have. However, when it comes to the supervisory lease revocation hearing, the statutory maximum that the person is looking at is a lot less. And it makes sense for that person to present his affirmative defense at the revocation proceeding. And in your view, the district judge at the revocation proceeding would be free to disregard the conviction for the very same behavior that's at issue? Well, the district judge, I guess, he wouldn't have to disregard it. But at the same time, he could find that the conduct was justified or excused under the law. Okay. Your Honors, I have 1 minute and 48 seconds. Why don't we hear from the government, and then you'll have your chance to respond. Thank you. Good morning, Your Honors. Greg Noonan from the United States. From the United States' point of view, there's two overarching facts for this appeal. One is that the defendant substantively received all of his 32.1b2 rights at the hearing that Judge Lawrence held. And the second is that on the sentencing factor, he received a favorable below-the-guideline sentence for the defendant. Now, there were no objections at any point of the revocation hearing as to any issue at all. Now, the defense counsel, who's the same defense counsel as today, had told the magistrate judge to set a date for admission. And the first substantive comment at the hearing from defense counsel to Judge Lawrence was that the defendant was ready to admit. This was a tactical decision. In light of the guilty plea before Judge San Martino, there would have been very little that the United States of America would have had to do to prove that he was guilty of the underlying conduct for the revocation hearing. The underlying conduct being re-entry. Re-entry into the United States, Your Honor. So rather than dispute what is essentially an indisputable fact that he had already pled guilty to, he admitted and, excuse me, he admitted and defense counsel presented one mitigating fact. And that mitigating fact was the relative illness of defendant's parents who lived in the United States. Now, Judge Lorenz addressed that mitigating fact twice. Specifically took it to an account and weighed it against recidivism and the defendant's breach of trust. He specifically used language, breach of trust. And in light of that, the defendant got a break. Defense counsel was asking for 12 months concurrent. The government was asking for 12 months consecutive. Neither the government nor defense counsel got what they wanted, but Judge Lorenz gave 10 months concurrent. This is a straight forward. 10 months consecutive. Oh, excuse me, consecutive. That's right, Your Honor. Now, this is a straightforward and uncomplicated fact pattern and a straightforward and uncomplicated case, as defense counsel admitted at the beginning of his argument today. It's just these kinds of straightforward, uncomplicated cases, excuse me, that the Cardi line of cases says that it will be expected that the judge is not going to go into extreme detail as to the reasons of the sentence. Is it your view, Mr. Noonan, that a waiver on the record is not necessary when you have an admission, written notice and representation by counsel? Is that your position? Yes, Your Honor. I believe that this defendant received all five of the rights he was entitled to under 32.1. Written notice, which is the petition itself. Disclosure of the charges, which he got not only from the petition, but obviously from the underlying prosecution to which he pled guilty to before Judge San Martino. He received the opportunity to a hearing at which he could present evidence. He chose not to avail himself of that opportunity. But unlike Stokes, this is not a situation where in advance the defendant signed off on having an opportunity at all and said, no, I don't need a hearing. Modify my probation now. He also received the attorney, obviously, and he received the opportunity to present mitigating circumstances, which he did. So you can infer a waiver when those facts are present, in your view? The United States would say that it's not even an issue of a waiver, but should this Court wish to reach that, we certainly think there's enough facts on this record to infer a knowing, voluntary, and intelligent waiver. And there's never been any claim at any point of these proceedings, bar an appeal, that the defendant did not, in fact, make a knowing, voluntary, and intelligent waiver. The claim is simply that there hasn't been a finding, a formal finding of it. Yeah. So I want to make sure I understand your position, because we're going back and forth between saying, well, he waived, and, well, he got all the rights to which he was entitled. I understand your position actually to be that he got everything he was entitled to. He didn't waive any rights. He got them all. That is the United States' position. And what would be a waiver then? What's a waiver situation? Maybe I'll say it that way. I believe the Stokes situation is a great example of an actual waiver. A probation officer on two separate occasions went to a defendant who was on probation and specifically asked him to extend the length of his, I believe it was drug testing time. And he asked him to agree to do that without a hearing before a judge and without counsel. And both times, that defendant did so. And the judge signed off on those modifications without there being any form of hearing at all. In this occasion, on this occasion, that was, I would say that is a perfect example of the opportunity to a hearing literally being waived. He waived his opportunity for the hearing. On this occasion, the defendant showed up at the hearing and admitted. He got his opportunity and decided not to pursue it any further. And in your view, this may be dancing on the head of a pin, but in your view, he was given his revocation rights with respect to proving up the underlying conduct. When the hearing was there, he had the opportunity to say to the government, prove up the conduct, and instead he admitted. That's correct, Your Honor. So the right was the opportunity in a hearing to make the government prove it up. And that's the right. Whether you take advantage of the right or not, that's a different question from waiver. That is exactly the United States position. Okay. If there are no further questions, the government should announce papers. Okay. Thank you. Thank you. Response? Thank you. With regards to the first issue, the waiver issue, I just want to say that I don't think that it would be proper to infer a waiver, to infer a waiver of rights that have a constitutional magnitude from a silent record. I mean, although I'm not advocating for a full Boykin-style protection, the Supreme Court was clear in Boykin that a reviewing court cannot infer or cannot presume a waiver from a silent record, which is what we have here. Now, moving on to my next issue, the district court here didn't calculate the guidelines. It's axiomatic at this point under not only Supreme Court precedent but our circuit's precedent that all sentencing proceedings need to start with a calculation of the guideline range. And moreover, the Court's gone further just earlier last month when it decided the rest of the decision in which it was decided that a district court has a duty to be mindful of those guidelines throughout the sentencing. What happens is that if a district court does not calculate the guidelines in the beginning, then it is procedurally unreasonable. And under the Gall line of precedent, that is a substantive procedural or, I'm sorry, substantive is the wrong word. That is a serious procedural error, and a reviewing court should reverse for re-sentencing. And so that's my second point, Your Honors. We have no calculation of the guidelines here, and so it should be reversed. Thank you.  And, Your Honor, that second point isn't really rebuttal. The government didn't say a word about the calculation of the guidelines because you didn't say it in your opening argument. To this Court, Your Honor? Yes. Well, I actually, I understand. I ran out of time because I had a lot of questions. It's just an observation. I mean, I'll accept what the government's briefed, but it really doesn't have a chance to respond to something that you say for rebuttal when it's really part of your opening. Yes. Thank you. Unless the government affirmatively asks for an opportunity to respond to that, we're finished. Okay? Thanks, both sides. The case of the United States v. Araujo-Rios now submitted for decision. Thank you both for your arguments.
judges: Tunheim, Canby, Fletcher W.